# SUPREME COURT.

## CHARLES F. LIVERMORE, HENRY CLEWS, and others, agt. RICHARD BAINBRIDGE.

Where a defendant interposes a *counter-claim* to the plaintiff's action, which *survives*, and the action abates by the death of the defendant, the defendant's representatives may *revive* the suit *against the wishes of the plaintiff.* It is not necessary that the revival be made only on motion of the plaintiff.

*New York Special Term, October* 1871.

IN 1863, the plaintiffs, who were stockbrokers, commenced this action against the defendant to recover a balance of an account stated. The defendant answered and denied that any account had been stated, and denied any indebtedness. For a second defense he also set up that the plaintiffs illegally sold his stocks without authority and without notice, to his damage in an amount larger than the plaintiffs' claim. The action thus at issue was referred to John P. Crosby, Esq., and the trial went on. Pending this action the defendant commenced another suit against the plaintiffs, alleging the illegal sale of his stocks, and claiming damages in $50,000. This case was at issue and about to be reached on the circuit calender, when Livermore, Clews & Co. applied at chambers, on affidavits setting up that the cause of action in the second suit was for the same matter as the defense in the first, for a stay of proceedings until the first action should be determined. This motion was granted. The defendant then moved in this action to amend his answer so as to claim a judgment for damages to the extent of $130,000. This motion was granted, and the trial on the issues raised continued from time to time till June, 1870. A vast mass of

testimony was taken on both sides, the defendant being his own principal witness. In June the testimony was closed, and counsel commenced summing up. ·The counsel for the plaintiffs occupied five hours of one day in reviewing the testimony, and the defendant's counsel as long on another day, without concluding. At this point an adjournment was had, and before the adjourned day the defendant died, leaving a will. The will was duly admitted to probate, and the executors, John G. Bainbridge and Henry P. Bainbridge qualified as executors. They presented a petition setting up the foregoing facts, praying that this action be continued in their names as defendants. The motion was approved by the plaintiffs.

ROBERT SEWELL, *for the executors,*

Argued that, under the Code, where the cau se of action survives, the action itself does not abate, and that this motion was a mere form to substitute the proper representatives of deceased (*Code of Pro.*, § 121). The representatives of a plaintiff have no right against the wishes of defendant to discontinue (7 *How.*, 269), and *e converso* the plaintiff .has not the right to discontinue against the wishes of defendant's representatives. Where a counter-claim is set up by defendant and issue is joined thereon by service of a reply, the defendant becomes an actor. He may obtain all the relief which he might obtain in a separate action. He is *quoad hoc* the plaintiff (*Seaboard and R. R. R.* agt. *Ward*, 18 *Barb.*, 595 ; *Code*, § 274 ; *Gleason* agt. *Moen*, 2 *Duer*, 643).

E. P. WHEELER, *for the plaintiff,*

Contended that, although the defendant had interposed a counter-claim for a cause of action which did not die with the defendant, yet, the defendant's representatives could not

INGRAHAM, P. J.—Without writing an opinion, decided, that the defendant's representatives had the right to revive, and granted the motion.